UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:23-cv-2279 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GOV. GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

As discussed below, plaintiff's complaint should be dismissed without prejudice.

Plaintiff's Complaint

Plaintiff complains that his term of parole is grossly out of proportion to his underlying crime and claims the police report does not show evidence of a terrorist threat. (ECF No. 1 at 5.)

---

[1] Plaintiff was returned to custody shortly after filing this action.

1

He claims that the defendants disregard his innocence, keeping him on parole with very harsh punishments, i.e., 90 days for each violation. Plaintiff alleges he wrote the defendants and asked them to investigate, to no avail. Due to this "forged parole term," plaintiff was held in another city on a violation of parole, which plaintiff contends is malicious prosecution. Plaintiff seeks $17 million in damages. Plaintiff names Governor Gavin Newsom and parole agents Rodrreqez and Wendy Covell as defendants.

Discussion

First, plaintiff's challenge to the duration of his parole term is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994).[2] Under Heck, a § 1983 plaintiff seeking to bring a claim for damages which, if successful, would necessarily imply the invalidity of his conviction or sentence must first demonstrate that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486-87; see Muhammad v. Close, 540 U.S. 749, 750-51 (2004) (claims which, if successful, would necessarily imply the invalidity of a conviction or sentence must be brought by way of a petition for writ of habeas corpus). "Courts have repeatedly found that the Heck bar applies to claims that challenge the fact or duration of parole." Breitbard v. California Department of Corrections and Rehabilitation, 2022 WL 3048173 at *6 (C.D. Cal.) (collecting cases). Thus, plaintiff's claims, including his putative malicious prosecution claim related thereto, are barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 704-05 (9th Cir. 2006) (holding "Heck bars Guerrero's § 19893 claims of wrongful arrest, malicious prosecution, and conspiracy.")

Second, to the extent plaintiff is attempting to challenge the revocation of parole based on insufficient evidence supporting the revocation, such claim is also barred by Heck because a finding in plaintiff's favor would undermine the validity of the parole revocation. Butterfield v. Bail, 120 F.3d 1023, 1024-26 (9th Cir. 1997); see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); Quintana v.

---

[2] Plaintiff does not appear to challenge the conditions of his parole. See Thornton v. Brown, 757 F.3d 834, 838 (9th Cir. 2013).

2

1 Gates, 2004 WL 1661540 (C.D. Cal. 2004) (claim that a parolee was falsely arrested on narcotics
2 charges and framed by LAPD officers, resulting in parole revocation and imprisonment, was
3 barred by Heck because success in the § 1983 suit would imply the invalidity of the revocation
4 and his confinement); Robinson v. Terhune, 1999 WL 1268360 (N.D. Cal. 1999) (claim that
5 defendants falsely accused the plaintiff of charges that led to revocation of parole was barred by
6 Heck).

7 Third, if plaintiff wishes to challenge the sufficiency of the evidence supporting his
8 underlying criminal conviction, plaintiff must do so through a petition for writ of habeas corpus
9 under 28 U.S.C. §§ 2241 or 2254.

10 Fourth, plaintiff claims he wrote "the defendant" and "submitted a request to investigate
11 his circumstances." (ECF No. 1 at 6.) But plaintiff does not identify which defendant. In any
12 event, plaintiff does not have a constitutional right to an investigation. Courts have not
13 recognized an "inadequate investigation as sufficient to state a civil rights claim unless there was
14 another recognized constitutional right involved." Gomez v. Whitney, 757 F.2d 1005, 1006
15 (1985); see also Page v. Stanley, 2013 WL 2456798, at *8-9 (C.D. Cal. June 5, 2013) (dismissing
16 Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's
17 complaints because plaintiff "had no constitutional right to any investigation of his citizen's
18 complaint, much less a 'thorough' investigation or a particular outcome"). Absent an underlying
19 violation of a constitutional right by named defendants, plaintiff's contention that a defendant
20 failed or refused to investigate plaintiff's allegations or circumstances does not state a cognizable
21 civil rights claim.

22 Finally, on November 13, 2023, plaintiff filed an "attachment" to his complaint. (ECF
23 No. 4.) However, plaintiff is advised that all pleadings must be complete. Therefore, plaintiff
24 cannot add to his pleading by subsequently filing attachments or exhibits. Moreover, in this
25 "attachment," plaintiff again refers to his parole term as being grossly disproportionate.
26 Therefore, plaintiff's "attachment" is disregarded.

27 For the above reasons, the undersigned finds that this action should be dismissed without
28 prejudice.

<u>Leave to Amend</u>

Because plaintiff's substantive claims are barred under <u>Heck</u>, this action should be dismissed without leave to amend. "A district court may deny leave to amend when amendment would be futile." <u>Hartmann v. Cal. Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1130 (9th Cir. 2013); <u>accord</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted; and

2. Plaintiff's "attachment" (ECF No. 4) is disregarded.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fost2279.56